TRINA A. HIGGINS, United States Attorney (#7349)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:14cr12 CW |
|---|---|
| Plaintiff, | UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY OR TERMINATE SUPERVISED RELEASE CONDITIONS AS UNCONSTITUTIONAL AS APPLIED TO 18 U.S.C. § 3583(e)(2) and FED.R.CRIM.P. 32.1(c) |
| vs. | |
| ROBERT SAMUEL STARK, | |
| Defendant. | |
| | Judge Clark Waddoups |

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this memorandum in opposition to defendant Robert Samuel Stark's ("Stark") motion to modify or terminate supervised release conditions as unconstitutional pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c). Dkt. No. 54. To the extent Stark is raising legal challenges to conditions of supervised release, his claims are procedurally barred by the statute of

limitations and his waiver in the plea agreement and should be denied. To the extent Stark challenges the term of supervised release as unconstitutional and in violation of the Double Jeopardy Clause, Stark's motion should be denied.

**Factual and Procedural Background**

On January 8, 2014, Stark was indicted on charges of Production of Child Pornography, Coercion and Enticement for Illegal Sexual Activity, and Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), 2422(b), and 2252A(a)(2). Dkt. No. 1. On November 10, 2014, Stark pled guilty to counts 2 and 3 of the Indictment, Coercion and Enticement for Illegal Sexual Activity and Distribution of Child Pornography. Dkt. Nos. 41 (Plea Agreement) and 43. As part of his plea agreement Stark waived his right to file a direct appeal or a collateral attack on his conviction or sentence except with regard to ineffective assistance of counsel. Dkt. No. 41 at 5. The Court sentenced Stark on February 2, 2010 to 151 months of imprisonment followed by a 20 year term of supervised release and ordered him to pay a $200 special assessment. Dkt. Nos. 50 and 51 (Judgement in a Criminal Case). Stark did not file a direct appeal. Stark is currently serving his prison term at FCI Englewood, and his anticipated release date is September 18, 2024. The Court imposed the standard conditions of supervised release and seven special conditions. Dkt. No. 51.

Stark submitted his current motion pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c), asking this Court to modify or terminate the

conditions of supervised release. Dkt. No. 54. Stark challenges the conditions of his supervised release arguing the term of supervised release violates double jeopardy because he is exposed to an unlimited number of prosecutions, penalties, and punishments. *Id*. at 2, ¶ 4.

## Argument

### I. Stark's Claim Regarding the Term of Supervised Release Is Procedurally Barred.

A term of supervised release is "a part of the sentence." 18 U.S.C. § 3583(a). Section 3583(e) governs termination, revocation, extension, and modification of supervised release. Stark challenges the legality of the supervised release conditions imposed at sentencing pursuant to § 3583(e).

Stark cites to *United States v. Begay*, 631 F.3d 1168 (Tenth Cir. 2011) and *United States v. Davies*, 380 F.3d 329 (8th Cir. 2004) to support his argument that the court has authority to modify or terminate the conditions of supervised release. While the defendant urges the court to modify the conditions of the supervised release, he also urges the court to terminate conditions entirely because supervised release purportedly violates the Double Jeopardy Clause. A defendant may not challenge the legality of his term of supervised release under § 3583(e) rather than under 18 U.S.C § 2255.[1] *United*

---

[1] In this case, the Court should consider treating Stark's motion as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence because he is challenging the validity of his sentence.

3

*States v. Engelmeyer*, 2002 WL 1718459 at *1 (W.D. Oklahoma 2022). In *Engelmeyer*, the defendant challenged the court's imposition of the term of supervised release under the Double Jeopardy Clause. The court concluded that "defendant's challenge constitutes an attack on the validity of a federal conviction or sentence and must be brought in a § 2255 motion." *Id.* Challenges to supervised release conditions through other statutes or rules are typically procedurally barred. See, e.g., *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (relief under § 2255 is "severely limited"). Other circuit courts have held that § 3583 cannot be used to challenge an alleged sentencing error, including purportedly illegal or unconstitutional conditions. See *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002); *United States v. Hatten*, 167 F.3d 884, 886-887 (5th Cir. 1999). *See also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) holding that any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition. *Id*. at 34. A "district court does not have the authority to modify conditions of supervised release based on an argument that a particular condition is unlawful. *Id*. The court must consider the 18 U.S.C. § 3553(a) factors in determining whether to modify any conditions. *Begay*, 631 F.3d at 1171-1173.

Stark's challenges are procedurally barred because he did not raise them by objecting at sentencing and is time-barred under the statute of limitations applicable to motions under § 2255.[2] The operative date from which the limitation period is measured

---

[2] 28 U.S.C. § 2255(f) provides:

in this case identified in § 2255(f)(1) is the date the on which the judgment of conviction becomes final. This Court entered judgment on February 10, 2015 (Entered on 2/13/2015) Dkt. No. 51. Because Stark did not file a direct appeal, his conviction became final on the day when the time for the filing a direct appeal expires, 14 days after entry of judgment. The limitation period for seeking § 2255 relief commenced on that date and Stark's motion was due February 27, 2015. Because Stark did not file his § 2255 motion (if construed as a § 2255) until December 2, 2022, his motion is untimely and should be denied.

**Plea Agreement:**

Stark knowingly, voluntarily, and expressly waived his right to challenge his sentence in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C § 2255, except under the limited circumstance of ineffective assistance of counsel. Dkt. No. 41 at 5, ¶ 12(f). The language

---

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the lates of –
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the righ asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

in the plea agreement describes, and Stark agreed, that the word sentence "applies to all aspects of the Court's sentencing authority, including, but not limited to: … (2) the imposition of imprisonment, fines, *supervised release*, probation, and any specific terms and conditions thereof." *Id*. (emphasis added). A collateral review waiver of this type is enforceable if he knowingly and voluntarily waived his appellate rights, falls within the scope of the appeal waiver, and enforcing the waiver would not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The Court should find that Stark's plea, and all terms of the agreement, was entered into knowingly and voluntarily and enforce the waiver.

## II. A Term of Supervised Release Does Not Violate Double Jeopardy

Even if Stark's claims are not procedurally barred, he should not prevail on the merits because a term of supervised release imposed at sentencing does not violate the Double Jeopardy Clause. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Stark received a single sentence under a statute which allowed imposition of supervised release in addition to incarceration. A district court is explicitly allowed to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. §3583(a). See also *United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995); *United States v.*

*Walters*, 223 Fed.Appx. 810 (10th Cir. 2007) (unpublished). Therefore, a sentence of imprisonment followed by a term of supervised release does not constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. Stark's contention that the conditions of supervised release violate double jeopardy lacks merit. The supervised release term is not multiple punishment but a congressionally authorized part of his original sentence. Because a term of supervised release does not violate the Double Jeopardy Clause, the conditions of Stark's supervised release should not be modified or terminated on the grounds of double jeopardy.

## Conclusion

Based on the foregoing, Stark's motion to modify or terminate supervised release conditions as unconstitutional as applied pursuant to 18 U.S.C. § 3583(e)(2) and Federal Rules of Criminal Procedure 32.1(c) should be denied.

DATED this 15th day of February, 2023.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

/s/ Carol A. Dain

CAROL A. DAIN
Assistant United States Attorney