IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SAMUEL STARK,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING AMENDED MOTION TO REDUCE SUPERVISED RELEASE CONDITIONS**<br><br>Case No.  2:14-cr-00012-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Robert Samuel Stark's amended motion to reduce supervised release conditions. (ECF No. 62.) Mr. Stark's motion argues that the term of supervised release he was sentenced to violated the Constitution's double jeopardy clause.

Mr. Stark originally filed a motion, on December 2, 2022, asking the court to "vacate (terminate) his supervise [sic] release term as being unconstitutional, in violation of double jeopardy." (ECF No. 54.) That motion purported to seek relief pursuant to 18 U.S.C. § 3583(e)(2) and Rule 32.1(c).

Determining, however, that the relief sought by Mr. Stark's original motion could only be granted pursuant to 28 U.S.C. § 2255, the Court gave Mr. Stark notice, on March 14, 2023, that it intended to recharacterize his motion to vacate as a motion brought pursuant to Section 2255(a) and provided him with an opportunity to withdraw his motion if he did not wish for it to be recharacterized, or amend it to include all the Section 2255 claims he wished the court to consider. (ECF No. 61.)

In response to the court's notice, Mr. Stark filed an amended motion, entitled: "Amended Motion to Reduce Supervised Release Conditions As-Applied," which is the motion currently at issue. (ECF No. 62.) Mr. Stark's amended motion does not present any new grounds for granting relief under Section 2255 that did not appear in his original motion. Instead, the amended motion argues that Mr. Stark is, indeed, entitled to the relief requested pursuant to Section 3583(e)(2).

As explained in more detail below, Mr. Stark's amended motion does not demonstrate that the relief he is seeking is available under Section 3583(e)(2). Instead, as indicated in the court's March 14th notice, the relief Mr. Stark seeks is only potentially available under Section 2255(a). Accordingly, because Mr. Stark has chosen to proceed with his motion rather than withdraw it, the court now recharacterizes the motion as one seeking relief under Section 2255(a) as provided in the March 14th notice.

For the reasons stated herein, the court will dismiss Mr. Stark's recharacterized motion.

### Background

On May 10, 2014, Mr. Stark pleaded guilty to one count of coercion and enticement for illegal sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of distribution of child pornography, in violation of 18 U.S.C. 2252A. (ECF Nos. 41 & 43.) He was later sentenced, on February 2, 2015, to 151 months in BOP custody and 240 months of supervised release. (ECF. No. 26.) That sentence was recorded in a judgment entered on February 12, 2015. (ECF No. 51.)

On December 2, 2022, more than seven years after the judgment of conviction in this case was entered against him, Mr. Stark filed the current motion, which he entitled "Motion to Modify or Terminate Supervise [sic] Release Conditions as Unconstitutional as Applied Pursuant to 18§3583(e)(2) and Fed.R.Crim.P.32.1(c)." (ECF No. 54.) The motion contended that Mr. Stark's

sentence to supervised release violates the Constitution's double jeopardy clause, arguing more specifically that "supervised release is additional punishment involving numerous prosecutions for the original sentence (offense)." (*Id*. at 7.)

On March 14, 2023, the court issued a notice that it intended to recharacterize Mr. Stark's original motion as a motion seeking relief under 28 U.S.C. § 2255(a). (ECF No. 61.) The notice indicated that Mr. Stark could withdraw his motion if he did not wish it to be recharacterized or file an amended motion if he wanted additional grounds for relief under Section 2255 considered. (*Id*. at 2.)

Mr. Stark did not withdraw his original motion. Instead, he filed an amended motion that did not present any additional grounds for relief pursuant to Section 2255 but argued that the relief he sought—vacation of his sentence to supervised relief—could be granted under 18 U.S.C. § 3583(e)(2). (ECF No. 62.)

## Analysis

Mr. Stark's amended motion purports to be brought pursuant to 18 U.S.C. § 3583(e)(2). And, in his original motion, Mr. Stark argued that the relief he seeks can be granted pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure.

Section 3583(e)(2) provides, in relevant part, that the court may "extend a term of supervised release if less than the maximum authorized term was previously imposed" and "may modify, reduce or enlarge conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Rule 32.1(c) requires that, except in limited circumstances not relevant to the current motion, the court hold a hearing when considering a motion to modify the conditions of supervised release where the defendant is represented by

counsel and allow the defendant an opportunity to make a statements and present information in mitigation before modifying the conditions of probation or supervised release. Rule 32.1(c) does not provide the court with independent authority to modify the conditions of supervised release; instead, it merely sets forth the procedures that must be followed when considering a motion to modify.

Contrary to statements in Mr. Stark's motion, neither Section 3583(e)(2) nor Rule 32.1(c) specifically allow a defendant to "challenge the legality or validity of the conditions of supervised release." (ECF No. 54 at 2.) And courts that have considered the issue have held that "illegality is not a proper ground for modification" under Section 3583(e)(2). *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). *See also United States v. Thomas*, Case No. 22-1149, 2023 WL 1872585 at *4 (10th Cir. Feb. 10, 2023) (unpublished) (defendant not permitted to challenge the legality of supervised release conditions imposed at original sentencing through a motion to modify conditions); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999) ("[A] district court does not have the authority under 18 U.S.C. § 3583(e)(2) to modify a restitution order on the ground of illegality."); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (Section 3583(e)(2) "does not authorize the court to assess the lawfulness of a condition of release").

Instead, a defendant seeking to challenge the legality of a condition of supervised release must do so on direct appeal or through a collateral attack pursuant to 28 U.S.C. § 2255. *See Gross*, 307 F.3d at 1044 ("Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, Rule 35(c) motion."); *Lussier*, 104 F.3d at 35 ("Other procedures, such as a direct appeal under 18

U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255, are available to challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met.").

Here, Mr. Stark's amended motion does not seek a modification of the conditions of supervised release that is authorized by Section 3583(e)(2) or Rule 32.1(c). Instead, the amended motion asks the court to "modify the supervised release conditions by reducing the conditions to No Conditions" on the grounds that "[Mr. Stark] is contesting the application of those supervised release conditions as the application implicates double jeopardy protections." (ECF No. 62 at 10.) While Mr. Stark's amended motion seeks to shoehorn the relief he seeks to fit within the scope of Section 3583(e)(2) by characterizing it as a reduction of the conditions to "No Conditions," rather than a vacation of his sentence, Mr. Stark's wordsmithing does not alter the fact that the grounds for the relief he seeks are based on a claim that his sentence to supervised release was illegal. Because Mr. Stark's challenge is to the legality of his sentence to supervised release, his motion may only be considered pursuant to Section 2255.

Accordingly, as noted above, the court issued a notice, on March 14, 2023, that it intended to recharacterize Mr. Stark's motion as a motion to vacate his sentence to supervised release pursuant to Section 2255. (ECF No. 61.) The notice gave Mr. Stark an opportunity to withdraw his motion, if he did not wish the court to recharacterize the motion as one brought pursuant to Section 2255 or file an amended motion if he intended to raise additional grounds for relief under Section 2255 for consideration. (*Id*. at 2.)

Mr. Stark did not withdraw his motion, as permitted by the court's notice, but instead filed an amended motion reasserting that the relief he was seeking was available under Section

3583(e)(2). As discussed above, Mr. Stark's assessment that the relief he seeks is available under

Section 3583(e)(2) is incorrect. Accordingly, the court now recharacterizes Mr. Stark's amended

motion as one seeking relief under Section 2255(a).

Section 2255(a) permits "[a] prisoner in custody under sentence of a court established by

Act of Congress claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States . . . [to] move the court which imposed

the sentence to vacate, set aside or correct the sentence." To have such a motion considered on its

merits, however, a petitioner must generally file the motion within the one-year statute of

limitations set forth in Section 2255(f).

The one-year limitations period for a Section 2255 motion begins to run "from the latest

of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f)(1)-(4).

Mr. Stark's motion does not claim that he was impeded in bringing his motion by any

illegal or unconstitutional governmental action. Nor does it cite any new facts or a new right

recognized, and made retroactive, by the Supreme Court. Accordingly, the statute of limitations applicable to Mr. Stark's motion is the one found in Section 2255(f)(1), which requires that such motions be filed within one year of "the date on which the judgment of conviction becomes final."

Mr. Stark's sentence was recorded in a judgment entered on February 12, 2015. (ECF No. 51.) Accordingly, Mr. Stark's original motion seeking to vacate his sentence to supervised release, which was not filed until December 2, 2022, (ECF No. 54), was untimely under Section 2255(f)(1). Mr. Stark's amended motion, which was filed on April 24, 2023, is also untimely. (ECF No. 62.) The motion is, therefore, dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In addition, the government has argued, in opposition to Mr. Stark's original motion, that Mr. Stark waived his right to challenge his sentence in any collateral review motion. (*See* Mem. Opp. Mot. to Modify or Terminate Supervised Release Conditions at 5, ECF No. 60.) The court has reviewed the waiver cited by the government and agrees that it would be applicable in this case.

The Tenth Circuit has held that a defendant's waiver of the right to collaterally attack his sentence pursuant to Section 2255 is generally enforceable, as long as the defendant "agreed to its terms knowingly and willingly." *United States v. Cockerham*, 237 F.3d 1179, 1181. Mr. Stark has not responded to the government's waiver argument. Nor has he argued that the waiver was not made knowingly and willingly. Accordingly, the court finds that Mr. Stark has waived his right to challenge the legality of his sentence to supervised release through a collateral attack. This provides an additional basis for dismissing Mr. Stark's motion.

Having dismissed Mr. Stark's motion, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that the court "issue or deny a certificate of appealability." The court may only issue a certificate of appealability if it concludes that Mr. Stark has "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). Mr. Stark has not made such a showing; therefore, the court must deny a certificate of appealability.

When a "court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings.

## CONCLUSION

For the reasons stated herein, the court DISMISSES Mr. Stark's amended motion to reduce supervised release conditions (ECF No. 62) and DENIES a certificate of appealability.

ENTERED this 10th day of May, 2023.

BY THE COURT:

_____

Clark Waddoups
United States District Judge