IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

In re:                        )
                              )
UNITED STATES OF AMERICA,     )
                              )
         Plaintiff,           )
                              )
v.                            ) Case No. 2:14-CR-12CW
                              )
ROBERT SAMUEL STARK,          )
                              )
         Defendant.           )

Transcript of Change of Plea

BEFORE THE HONORABLE CLARK WADDOUPS

November 10, 2014

Karen Murakami, CSR, RPR
8.430 U.S. Courthouse
351 South West Temple
Salt Lake City, Utah 84101
Telephone: 801-328-4800

1

APPEARANCES OF COUNSEL:

For the Plaintiff:    CAROL A. DAIN
                      Assistant U.S. Attorney
                      Suite 1800
                      111 South Main Street
                      Salt Lake City, Utah 84111


For the Defendant:    SPENCER RICE
                      Assistant Federal Defender
                      Suite 110
                      46 West Broadway
                      Salt Lake City, Utah 84101

```
 1         Salt Lake City, Utah, Monday, November 10, 2014
 2                          *  *  *
 3              THE COURT:  Good afternoon.  We're here in
 4    the matter of the United States v. Robert Samuel Stark,
 5    case 2:14-cr-12.  Will counsel please state their
 6    appearance.
 7              MS. DAIN:  Good afternoon.  Carol Dain for
 8    the United States.
 9              MR. RICE:  Spencer Rice for Adam Bridge
10    representing Mr. Stark.
11              THE COURT:  Thank you.
12              And this hearing was set for a status
13    conference, or for Mr. Stark to decide if he was going
14    to accept the plea that was offered.
15              MR. RICE:  Your Honor, I believe that
16    Mr. Stark has decided, together with Mr. Bridge, to
17    plead guilty today pursuant to a plea agreement.  I
18    think the Court has been presented with that Plea
19    Agreement.
20              THE COURT:  Yes.  If it's the same one that
21    was presented at the last hearing, I have that.
22              MS. DAIN:  Your Honor, I think we added -- I
23    apologize for not resending it, but we just had one
24    paragraph, Sex Offender Registration Notification, that
25    was left off the original.  No other changes have been
```

made.

        THE COURT:  All right.

        If we could have Mr. Stark come forward.

        ROBERT SAMUEL STARK,

Called as a witness at the request of the Court,

    Having been first duly sworn, was examined

        And testified as follows:

        THE COURT:  Would you please state your full name for our record.

        THE DEFENDANT:  Robert Samuel Stark.

        THE COURT:  Mr. Stark, you have been placed under oath.  You understand that that requires that you be truthful in answering the Court's questions.

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  You understand that if you were to give false answers, they could be used to prosecute you for perjury or for making a false statement.

        THE DEFENDANT:  Yes, Your Honor.

        THE COURT:  For our record again would you please tell us your age.

        THE DEFENDANT:  I'm 47 years old.

        THE COURT:  How much schooling have you completed?

        THE DEFENDANT:  I've got two associates degrees.

```
 1              THE COURT:  Are you presently under the
 2   influence of any medication, drugs, or alcohol that
 3   would affect your ability to understand what you are
 4   about to do?
 5              THE DEFENDANT:  No, Your Honor.
 6              THE COURT:  Are you suffering from any
 7   mental disabilities or mental impairment that would
 8   affect your ability to understand?
 9              THE DEFENDANT:  No, Your Honor.
10              THE COURT:  Is there any reason that you are
11   aware of why you cannot proceed at this point to enter a
12   plea?
13              THE DEFENDANT:  No, Your Honor.
14              THE COURT:  And you've had an opportunity to
15   meet with counsel and discuss the consequences of
16   pleading guilty to these charges?
17              THE DEFENDANT:  Yes, Your Honor.
18              THE COURT:  Have you received a copy of the
19   Indictment, which is the document that states the
20   charges against you?
21              THE DEFENDANT:  Yes, Your Honor.
22              THE COURT:  Have you discussed those charges
23   with your counsel?
24              THE DEFENDANT:  Yes, Your Honor.
25              THE COURT:  Are you satisfied that you
```

```
 1  understand them?
 2              THE DEFENDANT:  Yes, Your Honor.
 3              THE COURT:  Do you have any questions about
 4  the charges against you before we proceed?
 5              THE DEFENDANT:  No, Your Honor.
 6              THE COURT:  Are you satisfied with your
 7  counsel and the advice and the representation you've
 8  received?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  Have you received a copy of the
11  draft Plea Agreement?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Have you read that document and
14  discussed it with your counsel?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  Do you believe you understand
17  the terms of the Plea Agreement?
18              THE DEFENDANT:  Yes, Your Honor.
19              THE COURT:  Do you have any questions about
20  the Plea Agreement before we proceed?
21              THE DEFENDANT:  No, Your Honor.
22              THE COURT:  Has anyone made any promises to
23  you in connection with your pleading guilty that are not
24  contained in this written agreement?
25              THE DEFENDANT:  No, Your Honor.
```

```
 1                THE COURT:  Has anyone threatened you in any
 2   way to persuade you to plead guilty?
 3                THE DEFENDANT:  No, Your Honor.
 4                THE COURT:  Under this Plea Agreement the
 5   United States has agreed to make certain recommendations
 6   at the time of your sentencing.  Do you understand that
 7   those are merely recommendations which the Court may or
 8   may not follow at the time of sentencing?
 9                THE DEFENDANT:  Yes, Your Honor.
10                THE COURT:  Do you understand that if the
11   Court determines not to follow the recommendations, you
12   would not be allowed to withdraw your plea of guilty?
13                THE DEFENDANT:  Yes, Your Honor.
14                THE COURT:  Do you understand that this is a
15   serious offense that may cause you to lose civil
16   liberties and certain rights?
17                THE DEFENDANT:  Yes, Your Honor.
18                THE COURT:  Are you a citizen of the United
19   States?
20                THE DEFENDANT:  Yes, Your Honor, I am.
21                THE COURT:  Do you understand that the
22   maximum penalty for Count II, which is Coercion or
23   Enticement for Illegal Sexual Activity, are that it is a
24   possible term of a sentence of up to a lifetime
25   imprisonment with a minimum mandatory sentence of 10
```

1 years, a fine of up to $250,000, and a minimum mandatory
2 term of supervised release of 5 years, and a possible
3 supervised release up to lifetime?
4          THE DEFENDANT: Yes, Your Honor.
5          THE COURT: Do you understand that with the
6 requirements for a minimum mandatory sentence the Court
7 must impose that sentence if you plead guilty?
8          THE DEFENDANT: Yes, Your Honor.
9          THE COURT: Or at least the minimum of that
10 sentence. The Court could impose a greater sentence.
11 Do you understand that?
12          THE DEFENDANT: Yes, Your Honor.
13          THE COURT: Do you understand that for Count
14 III of the Indictment, which is the Distribution of
15 Child Pornography, that the maximum term of sentence is
16 imprisonment of up to 20 years, a minimum mandatory
17 sentence of 5 years, a fine of up to $250,000, a minimum
18 mandatory term of supervised release of up to 5 years, a
19 5 year and up to lifetime, and any applicable
20 forfeiture? Do you understand that?
21          THE DEFENDANT: Yes, Your Honor.
22          THE COURT: Have you discussed with your
23 counsel how the Sentencing Guidelines may apply in your
24 case?
25          THE DEFENDANT: Yes, Your Honor.

1    THE COURT:  Do you understand that the Court
 2  will not make a determination today as to what the
 3  appropriate sentence is?
 4    THE DEFENDANT:  Yes, Your Honor.
 5    THE COURT:  Do you understand that decision
 6  will be made after a Presentence Report has been
 7  prepared and that it is the Court's intention to order a
 8  psychosexual analysis that will be considered by the
 9  court as well?
10    THE DEFENDANT:  Yes, Your Honor.
11    THE COURT:  Do you understand that once the
12  Court determines what the Guideline Range is, the Court
13  may impose a sentence that is within that Guideline
14  Range but it cannot be less than the minimum mandatory
15  sentences that I explained to you earlier?
16    THE DEFENDANT:  Yes, Your Honor.
17    THE COURT:  Do you understand that the Court
18  could impose a sentence greater than the minimum
19  Guideline Ranges?
20    THE DEFENDANT:  Yes, Your Honor.
21    THE COURT:  Do you understand that in
22  reaching a decision about the sentence the Court may
23  consider factors other than the specific offense to
24  which you are about to plead guilty?
25    THE DEFENDANT:  Yes, Your Honor.

```
 1                THE COURT:  Do you understand that if you
 2   are sentenced to prison, in the federal system there is
 3   no parole and you would not be released on parole?
 4                THE DEFENDANT:  Yes, Your Honor.
 5                THE COURT:  Remind me, counsel, is there a
 6   waiver?  There appears to be an appeal waiver, correct?
 7                MS. DAIN:  Yes.
 8                THE COURT:  You understand that you are
 9   agreeing to limit your rights to appeal any sentence
10   imposed by the Court?
11                THE DEFENDANT:  Yes, Your Honor.
12                THE COURT:  And you've discussed that
13   limited right to appeal with your counsel?
14                THE DEFENDANT:  Yes, Your Honor.
15                THE COURT:  Is it your wish to waive your
16   rights to appeal, or limit them, at least as set forth
17   in the Plea Agreement?
18                THE DEFENDANT:  Yes, Your Honor.
19                THE COURT:  Do you understand that you have
20   the right to plead not guilty and to require the United
21   States to proceed to prove each element of these
22   offenses against you?
23                THE DEFENDANT:  Yes, Your Honor.
24                THE COURT:  Do you understand that you have
25   the right to have a jury trial?
```

```
 1                    THE DEFENDANT:  Yes, Your Honor.
 2                    THE COURT:  Do you understand you have the
 3    right to a speedy and a public trial?
 4                    THE DEFENDANT:  Yes, Your Honor.
 5                    THE COURT:  Do you understand you have the
 6    right to the assistance of your counsel at all stages of
 7    the proceedings, and that would include a trial if you
 8    chose to go to trial?
 9                    THE DEFENDANT:  Yes, Your Honor.
10                    THE COURT:  Do you understand that if you
11    chose to go to trial, you would have the right to see
12    and hear all of the witnesses against you?
13                    THE DEFENDANT:  Yes, Your Honor.
14                    THE COURT:  Do you understand that if you
15    chose to go to trial, you would have the right to have
16    your counsel cross-examine the witnesses in your
17    defense?
18                    THE DEFENDANT:  Yes, Your Honor.
19                    THE COURT:  Do you understand that you have
20    the right not to testify against yourself, unless you
21    voluntarily decide to do so?
22                    THE DEFENDANT:  Yes, Your Honor.
23                    THE COURT:  Do you understand that at a
24    trial you would have the right to compel witnesses to
25    appear to testify in your defense?
```

```
 1                THE DEFENDANT:  Yes, Your Honor.
 2                THE COURT:  Do you understand that if you
 3    chose not to call any witnesses and not to testify, the
 4    government at a trial could not use those facts against
 5    you?
 6                THE DEFENDANT:  Yes, Your Honor.
 7                THE COURT:  Do you understand that if you
 8    went to trial, a jury of 12 people would have to agree
 9    unanimously that you are guilty and that you've been
10    proven guilty beyond a reasonable doubt?
11                THE DEFENDANT:  Yes, Your Honor.
12                THE COURT:  Do you understand that if you
13    plead guilty, there will be no trial?
14                THE DEFENDANT:  Yes, Your Honor.
15                THE COURT:  Do you understand if you plead
16    guilty, you'll waive the rights I've just explained to
17    you?
18                THE DEFENDANT:  Yes, Your Honor.
19                THE COURT:  Ms. Dain, would you explain each
20    of the elements of the Indictment.
21                MS. DAIN:  Of the plea?
22                THE COURT:  Excuse me, yes, of the two
23    counts that he's going to plead guilty to.
24                MS. DAIN:  Thank you.
25                As to Count II, the Coercion and Enticement
```

```
 1  for Illegal Sexual Activity, the elements are:
 2              That Mr. Stark knowingly persuaded or
 3  induced, enticed or coerced, or attempted to persuade,
 4  induce, entice or coerce, any individual who has not
 5  attained the age of 18 years old, to engage in any
 6  sexual activity for which any person can be charged with
 7  a criminal offense; and
 8              That he did so by use of a facility of
 9  interstate commerce, specifically the Internet.
10              As to Count III, Distribution of Child
11  Pornography, the elements are:
12              That Mr. Stark knowingly distributed child
13  pornography or material which contained child
14  pornography;
15              The items of child pornography or material
16  containing such child pornography had been mailed,
17  shipped, or transported by interstate or foreign
18  commerce; and
19              That Mr. Stark knew that those items or
20  material constituted or contained child pornography as
21  defined in 18 United States Code Section 2256 subsection
22  (8).
23              THE COURT:  Do you understand the elements
24  the United States would be required to prove?
25              THE DEFENDANT:  Yes, Your Honor.
```

```
 1            THE COURT:  To accept your plea I must make
 2   a factual finding that the government's charges against
 3   you are supported by the facts.  In the Plea Agreement
 4   it indicates that you are prepared to admit that the
 5   following facts are true.  I'm going to read them to you
 6   and then ask you to state on the record if they are in
 7   fact true.
 8            On or about August of 2013, in the Central
 9   Division of the District of Utah, you engaged in online
10   communications with Victim A, a 15 year old female.
11   During those communications, I requested and obtained
12   sexually explicit images of Victim A.  I met with Victim
13   A and engaged in sexual activity.
14            On or about November 1, 2013, and continuing
15   until December 30, 2013, using the online social network
16   Chat Hour, I communicated with an undercover officer
17   that I believed to be a 14 year old female in Colorado,
18   and requested she send sexually explicit images to me.
19   I sent sexually explicit images of Victim A to the
20   undercover officer that I believed to be a 14 year old
21   female.  I know that the communications transferred
22   across state lines because they were transported to
23   Colorado via the Internet, a facility of interstate or
24   foreign commerce.  These actions were done in violation
25   of Title 18 United States Code sections 2422(b) and
```

```
 1    2252A(a)(2) and (b).  Is that a true statement?
 2               THE DEFENDANT:  Yes, Your Honor.
 3               THE COURT:  Any corrections that you believe
 4    should be made to that statement to make it complete?
 5               THE DEFENDANT:  No, Your Honor.
 6               THE COURT:  Any additional questions I
 7    should ask Mr. Stark before I accept his plea?
 8               MR. RICE:  I don't believe so.
 9               MS. DAIN:  I don't believe so, Your Honor.
10               THE COURT:  I'm going to ask you to enter
11    your plea separately with respect to each count.
12               As to Count II of the Indictment, which is
13    Coercion and Enticement for Illegal Sexual Activity, how
14    do you plead, guilty or not guilty?
15               THE DEFENDANT:  Guilty.
16               THE COURT:  With respect to Count III of the
17    Indictment, which is Distribution of Child Pornography,
18    how do you plead, guilty or not guilty?
19               THE DEFENDANT:  Guilty.
20               THE COURT:  At this point, if you would sign
21    the Plea Agreement.
22               MR. RICE:  Your Honor, we've signed all the
23    necessary plea documents.  May I pass those forward?
24               THE COURT:  If you would, please.
25               MR. RICE:  Thank you.
```

```
 1                THE COURT:  I have the documents.  They
 2   appear to have been signed by counsel and are signed by
 3   Mr. Stark.
 4                Mr. Stark, let me ask you to acknowledge on
 5   the record that this is your signature and that you
 6   understand by signing this document you are agreeing to
 7   be bound by its terms.
 8                THE DEFENDANT:  Yes, it is, Your Honor.
 9                THE COURT:  The Court will accept the Plea
10   Agreement.  I have the Addendum and they will be made a
11   part of the record.
12                It is the finding of the Court in the case
13   of The United States v. Robert Samuel Stark, that the
14   Defendant is competent and capable of entering an
15   informed plea, that the defendant is aware of the
16   charges against him and the consequences of pleading
17   guilty to those charges, that the plea of guilty is a
18   knowing and a voluntary plea, and it is supported by
19   facts that Mr. Stark admits on the record to be true.
20                The plea is accepted and the defendant is
21   adjudged guilty of these counts.
22                Let's set the time for sentencing.  The
23   Court will order both a psychosexual analysis and report
24   and a Presentence Report.  Do we need 120 days to
25   complete that?
```

```
 1                MS. DAIN:  Actually, Your Honor, we've
 2   received in this plea agreement and there was a
 3   psychosexual report in advance with the state, so we
 4   would forego that, if Your Honor is comfortable with
 5   using what's already been done.
 6                THE COURT:  If there's one that you're
 7   satisfied with and adequately complete that will be
 8   enough.
 9                MS. DAIN:  We only need 70 days, Your Honor.
10                THE COURT:  Only need 70 days?
11                MS. DAIN:  Yes.
12                THE COURT:  Does that work for probation?
13                Give us a hearing 70 days out for
14   sentencing.
15                THE CLERK:  January 27th at 2:30.
16                THE COURT:  Anybody have any reason why that
17   isn't an appropriate date?
18                MR. RICE:  No.
19                MS. DAIN:  No, Your Honor.  Thank you.
20                THE COURT:  Okay.  That will be the date set
21   for sentencing.  Anything further before we recess?
22                MS. DAIN:  No, Your Honor.
23                MR. RICE:  No.  Thank you.
24                THE COURT:  We'll be in recess.
25                     (Whereupon, matter was concluded.)
```

C E R T I F I C A T E

State of Utah
County of Salt Lake

   I, Karen Murakami, a Certified Shorthand Reporter for the State of Utah, do hereby certify that the foregoing transcript of proceedings was taken before me at the time and place set forth herein and was taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

   That the foregoing pages contain a true and correct transcription of my said shorthand notes so taken.

   IN WITNESS WHEREOF, I have hereunto set my hand this  7th  day of August, 2023.


                              Karen Murakami
                         Karen Murakami, CSR, RPR
                              *   *   *